**Shirley HEISLER, Plaintiff-Appellant,**

v.

**JEEP CORPORATION—UAW RETIRE-MENT INCOME PLAN,**
**Defendant-Appellee.**

**No. 86–3130.**

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 14, 1986.

Decided Dec. 17, 1986.

Donald H. Cameron, Thomas P. Kurt, argued, Konop, Weiseberg, Dow & Frankel, Toledo, Ohio, for plaintiff-appellant.

---

Thomas A. Dixon, Eastman & Smith, Toledo, Ohio, John J. McGowan, Marck Chad Abramson, argued, for defendant-appellee.

Before KENNEDY and NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

Plaintiff Shirley Heisler appeals from the district court's order granting summary judgment in favor of the defendant, Jeep Corporation—UAW Retirement Income Plan (Retirement Plan). Heisler argues that the Retirement Plan, inasmuch as it denied her application for survivor benefits, violates § 205(a) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1055(a).

### I.

Appellant is the widow of Clifford Heisler, who was born on April 25, 1923 and died on his 60th birthday, April 25, 1983. He was an employee of the Jeep Corporation for the period beginning December, 1951 and ending April 30, 1976, when he took disability retirement. The Retirement Plan, Article III, § 4, grants disability retirement benefits to any employee who becomes disabled after ten years of service. Heisler received disability retirement benefits from the Retirement Plan until his death on April 25, 1983.

After her husband's death, appellant applied for survivor benefits pursuant to Article III, § 8 of the Retirement Plan. Section 8 entitles an employee who takes disability retirement to elect to receive reduced monthly basic benefits in order to have monthly survivor benefits paid to the employee's surviving spouse. Section 8(C)(1) provides for an automatic election of survivor's benefits on "the first day of the month following the month in which the Retired Employe [sic] attains age 60 in the case of Disability Retirement prior to February 1, 1980...." Thus, Heisler's automatic election date under the terms of the

Retirement Plan would have been the first day of the first month after he turned 60, or May 1, 1983. Heisler's untimely death occurred six days prior to that date. Accordingly, the Retirement Plan denied appellant's application on the basis that her husband never qualified for survivor benefits under the terms of the Plan.

On August 9, 1984, appellant filed her complaint with the district court alleging that the Retirement Plan violated § 205(a) of ERISA, 29 U.S.C. § 1055(a), which requires that pension annuity benefits be paid in the form of a qualified joint and survivor annuity. She sought a declaratory judgment that the Retirement Plan was obligated to pay her survivor benefits and requested reasonable attorney fees. Appellant and the Retirement Plan filed cross-motions for summary judgment on November 9 and November 14, 1984, respectively.

On January 1, 1986, the district court filed its order denying appellant's motion and granting the Retirement Plan's motion for summary judgment. The court found that ERISA only required the Retirement Plan to provide for a joint and survivor annuity when an "employee" reaches, in Heisler's situation, the age of 57. The court then observed that Heisler was not an "employee" when he reached 57 but was only an "employee" up to the date he took disability retirement in 1976 at age 53. The court concluded that "[s]ince the statute requires only that the Plan provide for a qualified joint and survivor annuity when an 'employee' reaches the earliest retirement age, the Plan is not in violation of the statute." This timely appeal followed.

### II.

Appellant contends that the district court misinterpreted the applicable provisions of 29 U.S.C. § 1055 in finding that the Retirement Plan had not violated those provisions. At the time of Clifford Heisler's death,[1] 29 U.S.C. § 1055 provided in pertinent part:

---

**1.** Section 1055 was amended in 1984 by § 103(a) of the Equity Retirement Act of 1984, Pub.L. No. 98-397, 98 Stat. 1429. However, both parties agree that the present case is governed by the pre-amendment version.

(a) If a pension plan provides for the payment of benefits in the form of an annuity, such plan shall provide for the payment of annuity benefits in a form having the effect of a qualified joint and survivor annuity.

(b) In the case of a plan which provides for the payment of benefits before the normal retirement age as defined in section 3(24) [29 U.S.C. § 1002(24)], the plan is not required to provide for the payment of annuity benefits in a form having the effect of a qualified joint and survivor annuity during the period beginning on the date on which the employee enters into the plan as a participant and ending on the later of—

(1) the date the employee reaches the earliest retirement age, or

(2) the first day of the 120th month beginning before the date on which the employee reaches normal retirement age.

(c)(1) A plan described in subsection (b) does not meet the requirements of subsection (a) unless, under the plan, a participant has a reasonable period in which he may elect the qualified joint and survivor annuity form with respect to the period beginning on the date on which the period described in subsection (b) ends and ending on the date on which he reaches normal retirement age if he continues his employment during that period.

Subsection (a) establishes the general rule that a pension plan must provide survivor benefits. An exception to this general rule is set forth in subsection (b), which states that a plan need not provide for the survivor benefits required by subsection (a) until the end of the period described in subsections (b)(1) and (b)(2). The subsection (b) exception applies with respect to plans which provide for payment of benefits before normal retirement age. Since the Jeep Retirement Plan does in fact permit such early retirement benefits, the subsection (b) exception applies in the present case. Thus, our sole inquiry is to interpret subsection (b) to determine whether the Retirement Plan properly concluded that it did not have to grant appellant survivor benefits.

Subsection (b) defines the date up to which a plan does not have to provide survivor benefits. Pursuant to the terms of subsection (b), a plan must provide joint and survivor annuity benefits beginning on the later of one of two dates: "(1) the date the employee reaches the earliest retirement age," or (2) the first day of the month which occurs ten years "before the date on which the employee reaches normal retirement age." 29 U.S.C. § 1055(b). Article III, § 2 of the Jeep Retirement Plan provides for early retirement benefits when an employee who has worked at least ten years reaches the age of 57. Article III, § 1 of the Retirement Plan states that an employee with at least ten years of service is eligible for normal retirement benefits upon attaining the age of 65; thus, ten years before that age would be 55. Since reaching the age of 57 occurs later than reaching the age of 55, the "trigger" date for determining whether appellant was entitled to survivor benefits under § 1055 is the date her husband turned 57.

Clifford Heisler died on his 60th birthday and therefore obviously attained 57. Appellant contends that because her husband reached 57 the Retirement Plan was required by the terms of § 1055 to provide a joint and survivor annuity.

Unfortunately for appellant, it does not necessarily follow that because her husband reached the age of 57, she was entitled to survivor benefits. Section 1055(b) requires a plan to begin to provide for payment of benefits in the form of a joint and survivor annuity only when, in this case, "the *employee* reaches the earliest retirement age." (Emphasis added). ERISA defines "employee" as "any individual employed by an employer." 29 U.S.C. § 1002(6). It is beyond dispute that Clifford Heisler was not an "employee" when he turned 57 in 1980. When he took disability retirement on April 30, 1976, Heisler terminated his status as an employee and became instead a "participant" in the Re-

tirement Plan. ERISA defines "participant" as "any employee or former employee of an employer ... who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). Thus, Heisler was a "participant" when he turned 57. However, the express terms of § 1055(b) require the individual to be an "employee" when the individual reaches the later of the two trigger dates in order to qualify for survivor benefits. *See Wyzik v. Employee Benefit Plan of Crane Co.*, 512 F.Supp. 1222, 1226–27 (D.Mass.1981) (no entitlement to survivor benefits where employee died before reaching earliest retirement age, since in order to qualify for survivor benefits the individual must be in the employ of the employer when the later of the two dates in § 1055 is attained). Since Heisler was not an employee when he turned 57, neither he nor appellant were entitled to receive benefits in the form of a joint and survivor annuity.

This interpretation is consistent with Treasury Regulations which interpret the Tax Code equivalent to § 1055(b), 26 U.S.C. § 401(a)(11)(B). Those regulations describe the four situations in which entitlement to joint and survivor benefits arises as follows:

> [S]uch benefits will be paid ... with respect to any participant who—
>
> (A) Begins to receive payments under such a plan on or after the date the normal retirement age is attained, or
>
> (B) Dies (on or after the date the normal retirement age is attained) while in active service of the employer maintaining the plan, or
>
> (C) In the case of a plan which provides for the payment of benefits before the normal retirement age, *begins to receive payments under such plan on or after the date the qualified early retirement age* (as defined in paragraph (b)(4) of this section) *is attained,* or
>
> (D) Separates from service on or after the date the normal retirement age (or

the qualified early retirement age) is attained and after satisfaction of eligibility requirements for the payment of benefits under the plan ... and thereafter dies before beginning to receive such benefits....

26 C.F.R. § 1.401(a)–11(a)(1)(i) (emphasis added). As explained in subsection (C), in order for an individual who takes some form of early retirement to be entitled to survivor benefits, that individual must not begin to receive payments under the plan until the individual attains the earliest retirement age. That is, the individual must reach the "trigger" age as an employee *before* entering into the early retirement plan in order to qualify for survivor benefits; an individual such as Heisler, who attains the earliest retirement age *after* taking disability retirement, does not qualify.

The identical conclusion is reached in the examples which illustrate the above-quoted provisions of the Treasury Regulations. *See* 26 C.F.R. § 1.401(a)–11(a)(3). Example 3 states that with regard to a hypothetical individual who "retires and begins to receive benefit payments at age 48 after 30 years of service," a plan "is not required to pay a qualified joint and survivor annuity to [that individual] and his spouse *at any time*." *Id.* (emphasis added). The reasoning behind this example is that the hypothetical individual did not reach the later of the two dates set out in 26 U.S.C. § 401(a)(11)(B), or its equivalent provision, 29 U.S.C. § 1055(b), as an "employee." The present situation is analogous to that described in example 3, in that Heisler took disability retirement and began to receive disability payments before reaching "earliest retirement age." Consequently, the example's analysis supports the conclusion that the Retirement Plan was not required to pay a qualified joint and survivor annuity to Heisler or appellant.

We also find significant the legislative history to the 1984 ERISA amendments. The Senate Finance Committee described

the pre-amendment version of § 1055(b) as not requiring a pension plan to make the survivor annuity option available "until the later of the time an *employee* attains the earliest retirement age under the plan or is within ten years of normal retirement age." S.Rep. No. 575, 98th Cong., 2d Sess. 12, *reprinted in* 1984 U.S.Code Cong. & Ad.News 2547, 2557 (emphasis added). Thus, it appears that the Committee likewise believed that entitlement to survivor benefits under § 1055(b) depended on whether an "employee" reached the applicable trigger date, rather than on when a "participant" who was already receiving benefits attained the trigger date. However, according to the Committee, that rule resulted in "inequitable treatment of participants in pension plans who die before reaching the normal retirement age under the employer's plan." *Id.* at 2558. The 1984 amendments sought to correct this inequity by providing for "automatic survivor benefits to the spouses of vested participants." *Id.*[2] We believe that the Committee's characterization of the pre-amendment version of § 1055 and the decision to rectify the inequities created by its provisions lend support to our conclusion that in the present situation the Retirement Plan was not required to grant survivor benefits to appellant.

We recognize that our conclusion is regrettable under the circumstances. However, we are bound by the terms of § 1055(b) as originally enacted by Congress, and we interpret those terms to mean that appellant was not entitled to receive survivor benefits.

Accordingly, the judgment of the district court is AFFIRMED.

**2.** Section 1055(a) now provides:
Each pension plan to which this section applies shall provide that—
(1) in the case of a vested participant who retires under the plan, the accrued benefit payable to such participant shall be provided in the form of a qualified joint and survivor annuity, and
(2) in the case of a vested participant who dies before the annuity starting date and who

has a surviving spouse, a qualified pre-retirement survivor annuity shall be provided to the surviving spouse of such participant.
Section 1055(b) is changed entirely and is no longer applicable. Under the present codification of § 1055(a)(1), appellant would have been entitled to survivor benefits since her husband was a "vested participant" who retired under Jeep's Retirement Plan.